IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY WALKER,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   CIVIL ACTION NO. 2:13-CV-754-CSC
                                 )            (WO)
CAROLYN W. COLVIN,               )
ACTING COMMISSIONER OF           )
SOCIAL SECURITY,                 )
                                 )
          Defendant.             )

## MEMORANDUM OPINION

### I. Introduction.

The plaintiff, Jerry Walker, protectively filed an application for a period of disability

and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C.

§ 401 et seq. His application was denied at the initial administrative level. Walker then

requested and received a hearing before an Administrative Law Judge ("ALJ"). Following

the hearing, ALJ Paul Whitson Johnson also denied the claim. The Appeals Council rejected

a subsequent request for review. The ALJ's decision consequently became the final decision

of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C.

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

§§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11ᵗʰ Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

## III.  The Issues

**A.  Introduction.**  Walker was 57 years old at the time of the hearing before the ALJ and has a 6th grade education.  (R. 75).  Walker's  prior work experience includes work as a groundskeeper, material handler, industrial cleaner, and poultry eviscerator.  (R. 73-74).  At that time of the administrative hearing, he held a part-time job as an industrial cleaner at a Hyundai vehicle manufacturing plant.  (R. 45-48, 73). Following the administrative hearing, the ALJ concluded that Walker has severe impairments of mild osteoarthritis and hypertension.  (R. 24).  The ALJ concluded that Walker was not disabled because he has the residual functional capacity to perform his past relevant work  (R. 29-30).

**B.  The Plaintiff's Claims.**  As stated by the plaintiff, his claims are

1. The Commissioner's decision should be reversed because the ALJ failed to incorporate limitations pertaining to Walker's right lower extremity weakness and pain in his residual functional capacity; and

2. The Commissioner's decision should be reversed because the ALJ erred in relying on the physical residual functional capacity assessment completed by a single decision-maker in arriving at his RFC assessment.

(Doc. 12 p. 3).

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family

or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claims.

## A.     Substantial Evidence Supports the ALJ's Residual Functional Capacity Assessment.

Walker alleges that he initially injured his right foot in an automobile accident in 1974 and is now unable to work because of severe pain in his right foot which has grown increasingly worse since that time.  (R. 59, 72).  He contends that his pain ranges from five to nine on a ten-point scale, and is approximately nine out of ten in intensity whenever he walks.  (Doc. 12 p. 7).  He alleges that his right foot gives way and causes him to fall, that the pain causes him to limp, that his ankle will not bend and sometimes swells, and that the pain affects his ability to lift, squat, bend, stand, reach, walk, kneel, climb stairs, complete tasks, concentrate, understand, follow instructions, and use his hands and his memory.  (R. 26, 41, 44, 49).

Walker argues that the ALJ ignored the evidence of his right foot pain and failed to incorporate any limitations related to his right lower extremity pain into his residual functional capacity ("RFC") assessment.  20 CFR § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").  However, the ALJ did not ignore the evidence or fail to incorporate limitations relating to Walker's lower extremity pain.  The ALJ did recognize that Walker had a severe impairment of mild osteoarthritis in his feet (R. 24) and limited Walker's RFC to performing medium work that does not requre climbing ladders, ropes, or scaffolds (R. 25).

However, the ALJ did not choose to credit Walker's allegations regarding the severity of his foot pain and the limiting effects of his osteoarthritis.  An ALJ is entitled to reject a claimant's subjective allegations of pain as not credible, and that determination will be reviewed for substantial evidence.  *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).  An ALJ "must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  "If the ALJ refuse[s] to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility."  *Marbury*, 957 F.2d at 83.

6

In this case, the ALJ found that Walker had a medically-determinable impairment of osteoarthritis that could reasonably be expected to cause his alleged symptoms, but discussed at great length the evidence upon which he found that Walker's allegations lack credibility. Walker has not offered any argument whatsoever to address any of the ALJ's detailed reasons for rejecting those subjectively-reported symptoms as not credible. Specifically, the ALJ explained that the objective medical findings confirmed normal muscle strength, that Walker's conservative treatment was not consistent with his pain allegations, and that the results of radiology reports and electrodiagnostic studies were not significant. (R. 27-28). The ALJ further noted:

> The undersign[ed] notes that there are clearly some issues with the claimant's behavior at the physical consultative examination with Dr. Babb. During exam, he favored his right foot with an obvious limp but walked to his car with no limp per Dr. Babb. Moreover, the undersigned notes the claimant came into the hearing room relying heavily on the use of a cane. However, at the consultative examination, the doctor wrote the claimant did not use any assistive devices. The medical evidence is void of any doctor prescribing a cane for the claimant. In sum, the claimant's behavior at the consultative examination and the hearing, as well as his current part time work and his search for full time work diminish his credibility in describing debilitating foot pain.

> Objectively, the consultative examiner, Dr. Babb, described the foot x-ray as "normal" (Ex 3F). The radiologist wrote "no acute finding" and "mild osteoarthrosis" (Ex 4F pg 12). The claimant was prescribed physical therapy but he did not go. He was also prescribed medications but he did not fill the prescriptions; and those medications were notably conservative in nature. The claimant testified that his current pain treatment regimen included Advil, aspirin and his family massaging his feet, which are all very conservative in nature. A recent orthopedic surgeon examination revealed only "minimal swelling" in right ankle; only "mild weakness" with 4/5 strength in all muscles of the foot; and "good sensation of his foot" (Ex 5F). EMG and NCV studies

7

showed a "few chronic denervation changes" of uncertain clinical significance with "no definite evidence of lumbosacral radiculopathy or polyneuropathy in the right lower limb," and the orthopedic surgeon wrote that there weren't "any overt EMG or radiographic findings aside from minimal arthritic changes to his right foot" (Ex SF pgs 2 and 3). Furthermore, the orthopedic specialist also noted in the record that the claimant presented him with disability paperwork which he was unable to sign at that time secondary to no overt orthopedic complaint. Claimant was referred to a neurologist, but the claimant apparently has not follow through with that referral.

. . . .

The claimant has described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. As mentioned earlier, the record reflects consistent work activity after the alleged onset date . Although that work activity did not constitute disqualifying substantial gainful activity, it does indicate that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported. Additionally, although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature. Moreover, the record reveals that the claimant failed to follow-up on recommendations made by the treating doctor, which suggests that the symptoms may not have been as serious as has been alleged in connection with this application and appeal. The record also shows the claimant has gone for periods of time without refilling prescribed medications, which suggests that the symptoms were not especially troublesome; though financial difficulties certainly may have also been an issue. The claimant also testified to taking over the counter medications to relieve his pain. Additionally, although the claimant alleged in his initial application that he stopped working because of his impairment, the claimant testified at the hearing that he was terminated for reasons not related to the allegedly disabling impairments.

At times during the hearing, the claimant was evasive and not fully believable in answering direct questions about his current work, including a claim that his coworkers trade duties with him to allow him to sit while performing his cleaning work tasks. It is highly unlikely that management in an automotive assembly plant would allow this, and the claimant presented no documentation regarding special accommodations.

(R. 27-28).

The reasons given by the ALJ for discrediting Walker's subjective complaints of pain are supported by the record and are in accordance with the applicable legal standards; accordingly, there is no basis for reversal.  *See* 20 CFR § 404.1529(c) (setting forth the evidence to be considered in evaluating the intensity of subjective symptoms, such as pain, including the medications and treatments used to alleviate pain, patterns and activities of daily living, and "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence, including [the claimant's] history, the signs and laboratory findings, and statements by . . . treating or nontreating source[s] or other persons about how [the claimant's] symptoms affect [him or her]."); *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985) ("The ALJ based his credibility determination on his observations of [the claimant] at the hearing and his finding of insufficient clinical evidence to document the severity of [the claimaint's] pain. . . . [T]he ALJ properly considered all the evidence presented.").

**B.     The ALJ Did Not Rely on the RFC assessment completed by a single decision-maker.**

Walker argues that the ALJ erred by considering the residual functional capacity determination (R. 82-89) made by a Single Decision Maker ("SDM")[5] at the level of the

_____

[5]"SDMs are part of a test program of the Social Security Administration for making initial disability determinations by non-medical experts. 20 C.F.R. § 404.906(a)." *Chaverst v. Astrue*, 2012 WL 5379063 at *8 (N.D. Ala. 2012); *see also* 20 CFR § 416.1406 (setting forth information about the test program with respect to SSI benefits).  Alabama is one of the states in which the use of SDMs is being tested. 71 Fed. Reg. (continued...)

initial disability determination.  Because an SDM has no medical credentials, but instead makes the initial disability determination after consulting with appropriate medical sources, SDM-completed forms are not opinion evidence at the appeals level, and the ALJ should not give any evidentiary weight to the residual functional capacity determination of an SDM. *Cooper v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 803, 807 (11th Cir. 2013);  *Siverio v. Comm'r of Soc' Sec.*, 461 Fed. Appx. 869, 871 (11th Cir. 2012).

Although the ALJ did not expressly rely on or mention the SDM's RFC assessment in his opinion, Walker argues that the ALJ's reliance on the SDM is proven by similarities between the two RFC assessments, combined with an alleged lack of any explanation by the ALJ for his RFC determination.  The two RFC assessments are similar, but this alone does not establish that the ALJ merely adopted the SDM's RFC assessment.  It is clear from the ALJ's remarkably detailed discussion of the record in its entirety, including the medical evidence, evidence of Walker's daily activities,  and the ALJ's own personal observation of Walker's lack of credibility at the hearing, that the ALJ did thoroughly and independently consider the record as a whole and independently assess Walker's residual functional capacity.  *See* 20 CFR § 404.1545(a)(1) & 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."); 20 C.F.R. § 404.1546(c) ( "Responsibility for assessing residual functional capacity at the administrative law judge hearing . . . level. If your case is at the administrative law judge hearing level . .

---

(...continued)
45,890 (August 10, 2006).

., the administrative law judge ... is responsible for assessing your residual functional capacity.").

Accordingly, Walker has not demonstrated reversible error merely because the SDM's RFC assessment happened to coincide with the ALJ's own independent assessment.  *Cf. Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 266 (11th Cir. 2009) (finding no error caused by "the ALJ's reference to th[e] DDS report," which "merely confirmed [the] objective medical evidence"); *Black v. Colvin*, No. 3:11 cv--1008–CSC, 2013 WL 1278938, * 3 (M.D. Ala. 2013) (finding no error where the ALJ noted the opinion of the SDM but nevertheless independently assessed the claimant's residual functional capacity based on all of the evidence in the record).

### IV.    Conclusion

For the reasons as stated, the court concludes that the decision of the Commissioner should be affirmed.  *See Landry v. Heckler*, 782 F.2d 1551, 1551-52 (11th Cir. 1986) ("Because the factual findings made by the [ALJ] . . . are supported by substantial evidence in the record and because these findings do not entitle [the claimant] to disability benefits under the appropriate legal standard, we affirm.").

The Court will enter a separate final judgment.

Done this 22nd day of December, 2014.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE

11